ALEXANDER MADDI, PLAINTIFF-APPELLANT, v. CHARLES LINDBERG, JR., VICTOR H. LINDBERG, THOS. A. DEMING CO., INC., AND ESTILL M. ANDERSON, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 12, 1951—Decided March 20, 1951.

Before Judges JACOBS, EASTWOOD and BIGELOW

*Mr. Vincent T. Dee* argued the cause for the appellant.

*Mr. Louis Adler* argued the cause for the respondents Charles Lindberg, Jr., and Victor H. Lindberg (*Messrs. Adler & Adler,* attorneys; *Mr. Alfred Brenner,* on the brief).

*Mr. Wilbur A. Stevens* argued the cause for the respondents Thos. A. Deming Co., Inc., and Estill M. Anderson (*Mr. James N. Marinello,* on the brief).

The opinion of the court was delivered by

JACOBS, S. J. A. D. On September 30, 1948, the plaintiff Alexander Maddi was a passenger in a Dodge coupe owned by the defendant Charles Lindberg, Jr., and driven by the defendant Victor H. Lindberg. It was raining "and the pavement was slippery as can be." The coupe was traveling at the rate of 35 miles per hour as it approached the Hackensack

River Bridge on the lane used by vehicles heading east. Its speed was then increased to 40 miles per hour, apparently in order to pass a truck, and at that point it skidded along slippery trolley tracks and "spun around" in the opposite lane used by vehicles heading west. At that time the Autocar truck owned by the defendant Thos. A. Deming Co. and driven by the defendant Estill M. Anderson was observed by the plaintiff about 100 feet away traveling west about 35 or 40 miles per hour. Immediately thereafter the Autocar truck struck the coupe, severely damaging it and causing injury to the plaintiff.

 The foregoing circumstances appear from the plaintiff's testimony and the legitimate inferences which may be drawn therefrom in his favor. *Dobrow v. Hertz*, 125 *N. J. L.* 347 (*E. & A.* 1940). At the close of his case the defendants moved for dismissal which was granted by the lower court on the ground that there was no evidence of negligence on the part of the defendants. The plaintiff's appeal is from the ensuing judgment of dismissal and we consider that it is well taken. The evidence that the coupe was being driven negligently seems ample. A jury could readily find that, in view of the prevailing conditions, Victor H. Lindberg's conduct in driving the coupe at 40 miles per hour along or by the wet trolley tracks was not that of the ordinary prudent man. It could likewise find that his negligent conduct resulted in placing the coupe in its dangerous location along the west lane of traffic and contributed directly to the accident and injury. *Vadurro v. Yellow Cab Co. of Camden*, 8 *N. J. Super.* 208 (*App. Div.* 1950); affirmed, 6 *N. J.* 102 (1950).

 While the testimony as to the Autocar truck was not as persuasive as that referable to the coupe, we are nonetheless satisfied that it was legally sufficient to withstand the motion for dismissal. Accepting the plaintiff's testimony and the inferences therefrom, the Autocar truck was being driven at a high rate of speed despite the adverse condition of the road, and although it was 100 feet away when the coupe first appeared on the west lane it was not brought to a stop within time and struck with sufficient force to cause extensive damage. A jury could properly find that the Autocar truck was being

driven without due care and its negligent operation was a contributing cause of the accident and injury. Under the controlling authorities in our State the comparative culpability of the drivers is of no concern; where, as here, there was evidence that the negligence of both drivers proximately contributed in some degree to the accident and injury, dismissal as to any of the defendants in advance of the presentation of their respective defenses was improper. See *Daniel v. Gielty Trucking Co.*, 116 *N. J. L.* 172, 173 (*E. & A.* 1936); *Yanas v. Hogan*, 133 *N. J. L.* 188, 190 (*Sup. Ct.* 1945).

The judgment is reversed with costs to abide the event of a new trial.